UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LYNN NIEMAN,

                Petitioner,                Case Number 21-10299

v.                                                  Honorable David M. Lawson

BECKY CARL,

                Respondent,
_____/

## ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

Petitioner Gregory Nieman filed a petition under 28 U.S.C. § 2254 on January 19, 2021. On January 30, 2024, the Court issued an opinion and order dismissing the petition with prejudice, after concluding that all of the claims raised were without merit.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could debate whether the trial court violated the petitioner's Sixth Amendment rights by denying his request to appoint another lawyer to represent him and whether he was deprived of legal representation involuntarily when he represented himself during the last two days of the trial. However, the Court finds that reasonable jurists could not debate the merits of the other grounds raised in the petition. The Court therefore will grant a certificate of appealability limited to the issues related to his trial representation.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED IN PART** solely on the questions of whether the trial court violated the petitioner's Sixth Amendment rights by denying his request to appoint another lawyer and whether he was deprived of legal representation involuntarily when he represented himself during the last two days of his trial. A certificate of appealability is **DENIED** as to all other claims and issues presented by the petition.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 30, 2024